**Ned BAKES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 72 C 1557.**

United States District Court,
N. D. Illinois, E. D.

Nov. 15, 1972.

Ned Bakes, pro se.

Glynna Freeman, Asst. U. S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION

WILL, District Judge.

Petitioner is seeking to have the sentence imposed by this Court on July 1, 1970, vacated pursuant to 28 U.S.C. § 2255. He is presently incarcerated in the United States Penitentiary at Terre Haute, Indiana, serving a term of four years after having been found guilty of possessing stolen securities in violation of 18 U.S.C. § 1708 following a bench trial. No appeal was taken from this conviction.

Petitioner maintains that he is being held in custody pursuant to a sentence which is violative of the Constitution and laws of the United States. Specifically, he alleges that the admission into evidence of transcriptions of certain telephone conversations between himself and a government informer by the name of Charles Legett obtained by means of a telephone tap together with the admission of a transcription of a personal conversation between petitioner and Legett obtained by means of a recording device on the person of Legett was improper. Prior to his trial, petitioner had moved to suppress the transcriptions of the personal conversation between Legett and himself for which an order in the nature of a warrant was obtained. This Court denied that motion. The government has moved to dismiss the instant petition on the grounds that the tap of the telephone conversations was consented to by Legett and that the recording of the personal conversation was both authorized by an order in the nature of a warrant signed by a United States Commissioner and additionally consented to by Legett.

In support of his *pro se* motion, petitioner has submitted two newspaper articles and a magazine article which make reference to current legal decisions finding wiretaps unlawful. An article from the March 27, 1972 issue of *Time* magazine notes that seventy-eight cases were pending as of that date across the country challenging allegedly improper authorizations for applications to federal judges for wiretap warrants as required by 18 U.S.C. § 2516. An article in the April 20, 1972 edition of the *Chicago Sun-Times* reported the suppression of wiretap evidence by a judge of this court because the warrant which had been issued had not been authorized by either the Attorney General of the United States or his specially designated Assistant Attorney General as 18 U.S.C. § 2516 requires. Petitioner's third reference is to an article in the June 2, 1972 edition of the *Detroit Free Press* which reported a decision of Judge Lord of the

United States District Court for the Eastern District of Pennsylvania in which he held Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., unconstitutional on its face.

As mentioned above, two distinct groupings of electronically recorded and transcribed conversations admitted into evidence are currently being challenged. Petitioner's primary emphasis seems to be on the personal conversation between the petitioner and Legett which was recorded by means of a device on the person of Legett. He contends that neither the petition made by the United States Attorney for an order to intercept the oral communication nor the order issued by the United States Commissioner was authorized by the Attorney General or his specially designated assistant. While it is clear from the record that no such authorization as that envisioned by 18 U.S.C. § 2516 was obtained, it is equally clear that no such authorization was statutorily required.

An earlier section of the Act, 18 U.S.C. § 2511(2) (c), specifically exempts conversations from the warrant requirement if one party consented to the interception. That section provides in pertinent part:

(2) . . .

(c) It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

Since Legett was a party to the personal conversation and since he gave his consent to its interception, the provisions of 18 U.S.C. § 2516 have no application. The procedure whereby the government agents secured an order from a United States Commissioner was a procedural safeguard to which petitioner was not entitled under the statute and is therefore not subject to statutory attack. Likewise, the transcribed telephone con-

versations between Legett and petitioner were also intercepted and transcribed with the consent of Legett and come under the purview of 18 U.S.C. § 2511(2)(c) in that no warrant was required under the statute for their interception. Therefore, petitioner's sentence was not imposed in violation of the laws of the United States and his petition on that ground must be dismissed.

 It should be pointed out, however, that the fact that one party to a conversation has consented to its interception is not necessarily dispositive of the issue of whether that evidence is admissible against the other party to the conversation in conformity with the Fourth Amendment. As petitioner has pointed out, Judge Lord has held the whole of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., unconstitutional. *See,* United States v. Whitaker, 343 F. Supp. 358 (E.D.Pa.1972). That particular case is of no analytical assistance in the instant case inasmuch as it held that warrants granted pursuant to the Title III were violative of the Fourth Amendment's prohibition against unreasonable searches. Judge Lord felt that searches pursuant to Title III were unreasonable because of the duration of the search, the breadth of the searching officer's discretion and the failure of the officer to be required to give notice of the search when appropriate. The opinion never mentions the issue of consented interceptions.

The difficulty of the issue of the constitutionality of such interceptions without warrants when the intercepted communication is used against the non-consenting party is evidenced by the split of opinions in the most recent Supreme Court case which has dealt with it. *See,* United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). That case presented a factual situation different from the instant case in that despite the fact that the consenting government agent himself did not testify, the transcriptions of the intercepted conversations between the defendant and the government agent were admitted into evidence against the defendant. The Seventh Circuit in a very careful and well-reasoned opinion by Chief Judge Swygert held that under Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the admission of these transcriptions was improper since the evidence was not seized in conformity with the provisions of the Fourth Amendment. *See,* United States v. White, 405 F.2d 838 (7 Cir.1970). The Supreme Court reversed with a majority of the Court able to agree only on the proposition that the Seventh Circuit in holding that Katz v. United States compelled the reversal of a conviction which was obtained prior to the *Katz* decision had technically erred since Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969) had held that *Katz* was to be applied prospectively only.

The plurality opinion written by Mr. Justice White and joined by Justices Burger, Stewart and Blackmun, in addition to pointing out that *Desist* required reversal, argued that On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952) compelled reversal and that the Seventh Circuit had erred when it held that *Katz* overruled *On Lee.* In *On Lee,* a government agent who had a radio transmitter on his person engaged the defendant in conversation in the defendant's place of business. On the sidewalk outside the defendant's place of business another government agent listened to the conversation on a radio receiver. He heard the defendant make incriminating statements and he testified about their substance at the subsequent trial. The agent who had been with the defendant and who had transmitted the conversation did not testify at trial. The Supreme Court held that the testimony of the agent who had been outside was admissible and not violative of the Fourth Amendment since the agent had not committed a trespass when he seized the conversation. *Katz,* of course, specifically held that this un-

derlying trespass doctrine could "no longer be regarded as controlling." 389 U.S. at 353, 88 S.Ct. at 512. The Court reasoned that the proper analysis was to determine whether the person being searched had a justifiable reliance on privacy. See, 389 U.S. at 353, 88 S.Ct. 507. The plurality opinion in *White* supports its conclusion that defendant had no justifiable reliance on privacy largely on the logic of Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L. Ed.2d 374 (1966), where it was stated that the Fourth Amendment provides no protection to "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." 385 U.S. at 302, 87 S.Ct. at 413.

Equally persuasive, however, are the four Justices who in separate opinions agreed with the Seventh Circuit's analysis with respect to the substance of the analysis regarding the fact that *Katz* had necessarily overruled *On Lee*. Justice Brennan concurred with the plurality opinion only on the retroactivity point and disagreed with respect to the breadth of *Katz* in a case which would be brought after *Katz*. Dissenting on the ground that *Katz* prohibited the admission of such electronically seized evidence without a warrant were Justices Douglas, Harlan and Marshall.

█ Given the 4–4 split on this crucial question, it seems clear that the opinion of Judge Swygert, 405 F.2d 838, remains the law of this circuit in all cases where the intercepted conversation has been admitted into evidence after December 18, 1967, the date of the decision in *Katz*.

█ In light of this somewhat turbulent state of the law, we must turn to the facts of the instant case. The precise issue dealt with in *White* is not present here since the agent who consented to the interception testified at trial and the transcriptions were admitted in corroboration of that testimony. A factual situation such as this is controlled by Lopez v. United States, 373 U.

S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963), where it was held that the admission of transcriptions of conversations which had been electronically seized without a warrant were constitutionally admissible to corroborate the direct testimony of the informer who had been a party to the conversation and who had consented to the interception. The Seventh Circuit in White held that *Lopez* remained good law despite *Katz*. See, 405 F.2d at 847. It is clear, therefore, that the transcriptions of intercepted telephone conversations between Legett and petitioner were properly admitted in conformity with the Fourth Amendment to corroborate Legett's testimony. Likewise, the transcription of the personal conversation between Legett and petitioner was properly admitted in conformity with the Fourth Amendment to corroborate Legett's direct testimony.

An appropriate order will enter dismissing with prejudice petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate the sentence imposed by this Court on July 1, 1970.