The **UNITED STATES** of America,
Plaintiff,

v.

**Russell A. LEONARD and Terrence R. Zastrow.**

No. 73 CR 553.

United States District Court,
N. D. Illinois, E. D.

Oct. 5, 1973.

James R. Thompson, U. S. Atty., for the Northern District of Illinois, Archibald T. Le Cesne, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Thomas D. Decker, Federal Defender, Chicago, Ill., for defendant Leonard.

Richard E. Reilly, and Franklyn Gimbel, Gimbel, Gimbel & Reilly, Milwaukee, Wis., for defendant Zastrow.

## MEMORANDUM OPINION

### Pre-trial Motions

MAROVITZ, District Judge.

The defendants, Russell Leonard and Terrence Zastrow are charged in a three count indictment with conspiracy to defraud the United States and the counterfeiting of coins in violation of 18 U.S.C. §§ 371 and 485. Both defendants have filed pre-trial motions for consideration by this court. Defendant Leonard has filed a motion to suppress evidence; defendant Zastrow has filed motions for severance, for change of venue, and to suppress evidence.

The Government has responded to the defendants' motions, and has dismissed the indictment against defendant Leonard, thereby making moot his motion to suppress evidence and Zastrow's motion for severance. Two motions by Zastrow remain to be decided.

In his motion for a change of venue, defendant Zastrow alleges that he is a resident of the State of Wisconsin, that the real substance of the offenses took place in Wisconsin and that a number of witnesses for both the Government and defense live in the Wisconsin area. Were the trial to be conducted in the Northern District of Illinois, he argues, they would be forced to travel to the proceedings at great inconvenience.

Generally, criminal trials shall be held in "the State where the said Crimes shall have been committed." U.S.C.A.Const. Art. 3 § 2, cl. 3. In determining the place where the offense has been committed, the Supreme Court in Travis v. United States, 364 U.S. 631, 635, 81 S.Ct. 358, 361, 5 L.Ed.2d 340 (1960) stated:

> Where Congress is not explicit, 'the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it. United States v. Anderson, 328 U.S. 699, 703, 66 S.Ct. 1213, 90 L.Ed. 1529.

The defendants here have been charged with willfully passing, uttering and publishing counterfeit coins as well as willfully possessing and conspiring to possess and sell counterfeit coins. In addition, the Government charges that in furtherance of this conspiracy the defendants engaged in overt acts in the Northern District of Illinois. Since the nature of the crime would indicate that the defendants attempted to sell and discussed the sale of the counterfeit coins in the Northern District of Illinois, the Court finds that the alleged offense was committed within this district, that proper venue for these proceedings lies

in the Northern District of Illinois, and that a transfer of the proceedings for the convenience of parties and witnesses is not necessary in the interests of justice. Fed.Rules Cr.Proc. rule 21, 18 U. S.C.A.

The remaining motion to be decided is defendant Zastrow's motion to suppress evidence. Defendant Zastrow moves for suppression of statements contained in transcripts of telephone conversations between Russell Leonard (co-defendant) and/or Zastrow's wife and Zastrow. It is his contention that the Government has failed to indicate the existence of any search warrant or consent on the part of defendant Zastrow to the recording of these conversations, thereby making them violative of defendants Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

The Government's answer clearly indicates that "no search warrant was either considered or obtained." It further states that since the conversations were initiated by the defendant Leonard with his consent, neither a warrant or court authorization was required. Thus, it is the Government's position that since there was consent to overhear by one participating party, any necessity for a warrant or court order is eliminated.

The question presented by this motion is clouded with difficulties created by prior court attempts to resolve the problem. In essence, the court must decide if the consent by one participating party to a conversation will allow for a valid wiretap or recording, absent a warrant, without interference with the privacy rights of the non-consenting participating party.

■ The Supreme Court has indicated that the Fourth Amendment protects people and not places. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed.2d 576 (1967). As a consequence, Zastrow argues that his expectation of privacy was violated by the secret recording of any conversations in which he engaged. The Government, on the other hand, argues that this expectation of privacy is not "justifiable" based upon the Supreme Court holding that the law affords no protection to an individual who places his trust in one who later betrays that trust. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971).

■ The most recent decision in this District concerning the requirements of a warrant to overhear or wiretap a conversation is Bakes v. United States, 350 F.Supp. 547 (N.D.Ill.1972) (Will, J.). Bakes notes that the provisions of 18 U. S.C. § 2511(2)(c) specifically exempt the requirements of a warrant for a wiretap when one party has consented prior to the interception. Under this provision, the Government need only obtain the consent of a participating party to eliminate any prior judicial determination for the validity of the wiretap. As a consequence, the Government is not required to show the necessary warrant requirements.

■ The question which remains to be resolved then, is whether the consent of one individual to the recording of his conversation is an unjustifiable invasion of the expected privacy of the non-consenting party. As the Government notes in its Brief, the United States Supreme Court has answered this question in United States v. White, 401 U.S. 745 at 752, 91 S.Ct. 1122 at 1126, 28 L.Ed.2d 453 (1970). The majority opinion of the Court indicates that:

> \* \* \* Our problem, in terms of the principles announced in Katz [Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)], is what expectations of privacy are constitutionally "justifiable"—what expectations the Fourth Amendment will protect in the absence of a warrant. So far, the law permits the frustration of actual expectations of privacy by permitting authorities to use the testimony of those associates who for one reason or another have determined to turn to the police, as well as by authorizing the use of informants in the manner exemplified by Hoffa [Hoffa

v. United States, 385 U.S. 293, 87 S. Ct. 408, 17 L.Ed.2d 374 (1966)] and *Lewis* [Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966)]. If the law gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when that same agent has recorded or transmitted the conversations which are later offered in evidence to prove the State's case. See Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462. (1963).

It is therefore apparent, that when one participating individual gives his consent to allow the government the opportunity to wiretap or overhear the conversations, the non-consenting individual has not suffered a "justifiable" violation of his fourth amendment rights. The motion for change of venue to Wisconsin is denied and the ruling on Motion to Suppress will be reserved by the Court and will be decided when the questioned evidence is offered.